Agnes E. CLOTHIER, as Administratrix of the Goods, Chattels and Credits of Charles M. Clothier, deceased, Plaintiff,

v.

UNITED AIR LINES, INC., Trans World Airlines, Inc., and United States of America, Defendants.

No. 61 C 189.

United States District Court
E. D. New York.

July 24, 1961.

Kreindler & Kreindler, New York City, for plaintiff, Milton G. Sincoff, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant United Air Lines, Inc.

Bigham, Englar, Jones & Houston, New York City, for defendant Trans World Airlines, Inc., Peter J. Magee, P. G. Pennoyer, Jr., New York City, of counsel.

Joseph P. Hoey, U. S. Atty., for Eastern Dist. of New York, Brooklyn, N. Y., for defendant U. S., Lawrence J. Galardi, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

BRUCHHAUSEN, Chief Judge.

The defendant, Trans World Airlines, Inc., hereinafter called TWA, moves, pursuant to Rule 12(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order dismissing this action on the ground that this Court lacks jurisdiction of the subject matter.

The defendant TWA alleges that there is no diversity and, therefore, no Federal jurisdiction. The motion flows from the recent amendment to 28 U.S.C. § 1332 which provides in part:

> "For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

TWA contends that its principal place of business is in New York. The affidavit of Ronald Duckworth, Secretary of TWA, alleges that TWA maintains executive offices at 380 Madison Avenue, New York City, and lists a number of officers who perform their duties there on behalf of TWA.

The plaintiff contends that TWA's principal place of business is in Missouri and lists the following facts:

1. The federal agency (Civil Aeronautics Board) regulating and licensing TWA states that its "principal offices" are in Missouri.

2. The most recent report of Standard and Poor's Corporation states that TWA's "Office" is in Missouri.

3. TWA's Chairman of the Board was recently elected in Missouri and the Annual Stockholders' meeting

was held there with 6 new board members being elected.

4. TWA employs over 18,000 people, 35% of which work in Missouri, and only 19% in New York.

5. The sole basis for TWA's motion is the presence in New York of 9 executives and department heads; however, 5 of these 9 men head departments that possess minor responsibility and an extremely limited number of personnel; in addition 3 of the 9 men spend half or more than half of their time outside New York.

6. The moving papers are fatally defective by virtue of their failure to assert that TWA's principal place of business is in New York. Plaintiff contends this is attributable to the fact that said place is in Missouri.

7. The moving papers admit that 2 executives and their departments (Technical Services and Transportation) are centered in Missouri.

8. Technical Services and Transportation form the hub of TWA's activity, about which all else revolves.

9. These two Missouri departments employ 78% of all corporate personnel.

10. Each of the two departments has its head and almost all of its executives in Missouri.

11. The Finance Department is in Missouri by virtue of presence there of 91% of its employees and the overwhelming number of its executives with their attendant functions.

12. Three minor departments each has its head in New York, but the majority of all employees and executives with their attendant functions are in Missouri.

13. Three other departments have very limited functions and few personnel (under 100); 1 is in New York with 4 people, another is in New York but with an important executive in Missouri, and the third

is in either Washington, D. C. or Missouri.

The only question presented is whether TWA's principal place of business is in New York or Missouri.

There is no set standard to be used in deciding where a corporation's principal place of business is located. Each case must be decided upon its own peculiar set of facts.

The Court in Scot Typewriter Co. v. Underwood Corp., D.C.S.D.N.Y.1959, 170 F.Supp. 862, at page 864, stated in part:

"The question essentially is one of fact, 'to be determined in each particular case by taking into consideration such factors as the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations.' "

The Court further added that "the issue must be resolved on an over-all basis."

This defendant is one of the largest passenger carriers with world-wide operations.

The moving affidavit of Ronald Duckworth lists nine (9) officers in New York, namely the President and Vice-Presidents in charge of equipment retirement; a system general manager; industrial relations department; public relations department; finance department; sales department; planning and research department; and secretarial department.

The affidavit further states that the technical services department which includes aircraft engineering, overhaul and maintenance; transportation including flight operations, flight training, dispatch, meteorology, flight crew planning, and terminal services and commissary services are located in Missouri.

In balancing all of the activities performed in Missouri and those performed in New York, it is obvious that the center of corporate activity is in Missouri. The corporate life of TWA as a carrier depends upon those activities performed in Missouri. The inescapable conclusion

from all these facts is that the principal place of business of TWA is in Missouri. See Kelly v. United States Steel Corporation, 3 Cir., 284 F.2d 850.

Motion denied. Submit order.