**Victor SABO, Plaintiff-Appellant,**

v.

**STANDARD OIL COMPANY OF INDIANA, a corporation, Defendant-Appellee.**

**No. 13352.**

United States Court of Appeals
Seventh Circuit.

Nov. 9, 1961.

Harry R. Booth, Chicago, Ill., for appellant.

Joseph P. Carr, Chicago, Ill., for appellee, Ware Adams, Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff, a resident of Illinois, brought this suit against defendant charging unlawful discharge from his employment and claiming a disability pension under the retirement plan of the defendant company.

Defendant filed a motion to dismiss the suit for want of jurisdiction. The motion was supported by an affidavit of the secretary of defendant. The only asserted basis for jurisdiction of the federal court was diversity of citizenship.

Defendant, a large oil company, carries on business activities in fifteen midwestern states. Such activities include production, refining and marketing of crude oil and related products. Extensive operations are carried on also in the petrochemical field.

Proof was made that defendant's general offices are located at 910 South Michigan Avenue, Chicago. All of the officers and department heads reside in Illinois and carry out the management of the company from Chicago. Corporate in-

come tax returns are filed there; the company's records and audits are kept at the Chicago office; credit card transactions and collection matters are handled there; the principal bank account is in Chicago, and Board of Directors' meetings are held at 910 South Michigan Avenue, Chicago.

When defendant filed its motion to dismiss, plaintiff filed twenty-three interrogatories addressed to defendant's secretary, Earl W. Russell. Defendant filed objections to these interrogatories asserting that they were unreasonable, scandalous in tone and amounted to harassment of the defendant. It was announced by defendant that it would not object to answering proper interrogatories.

Plaintiff then filed an affidavit of his attorney, Harry R. Booth, together with a motion for discovery under Rule 56(f). Plaintiff filed a copy of defendant's annual report to the State of Indiana for the year 1959.

The District Court asked for briefs and written arguments and after same had been received and considered, Judge Campbell entered an order on July 22, 1960, dismissing the cause for lack of jurisdiction.

On August 1, 1960, Judge Campbell granted plaintiff further consideration and permission to file an additional brief and affidavits. On September 7, plaintiff filed a motion for a jury trial. Plaintiff then caused a subpoena *duces tecum* to be served upon H. E. Schroeder, registered agent for Standard Oil. The subpoena ordered him to appear on September 30, although no hearing or deposition was scheduled for that day. Defendant moved to quash the subpoena, alleging it was oppressive and called for virtually the entire office files of the defendant, and the production of information irrelevant to the merits of the motion to dismiss.

The various pending motions were argued orally on October 5, 1960, and thereafter plaintiff filed a supplemental memorandum. At the request of the Court, defendant filed a transcript of the hearing in Long v. Standard Oil Company, No. 59-C-434. On November 28, 1960, Judge Campbell found the principal place of business of the Standard Oil Company of Indiana to be Chicago, Illinois. He then denied the motion of the plaintiff to vacate his previous order of dismissal. He also denied plaintiff's motion for a jury trial and granted defendant's motion to quash the subpoena served on H. E. Schroeder.

■ Plaintiff's motion for discovery under Rule 56(f), Federal Rules of Civil Procedure, 28 U.S.C.A., was properly dismissed. Rule 56 deals with summary judgments. The motion to dismiss for want of jurisdiction was under Rule 12 (b)(1). It was supported by an affidavit. No counter affidavits were filed.

In 1958, Congress changed the diversity jurisdiction of United States District Courts. 72 Stat. 415, Public Law 85–554, 28 U.S.C. § 1332(a). The amended provision reads: "(c) For the purpose of this section and section 1441 of this title a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The phrase "principal place of business" is familiar for it has been defined by many court decisions interpreting the Bankruptcy Act, 11 U.S.C.A. § 11(a)(1) which contains the same language.

In Burdick v. Dillon, 1 Cir., 144 F. 737, app. dis. 205 U.S. 550, 27 S.Ct. 792, 51 L.Ed. 925, the question was the determination of the principal place of business for a New Jersey corporation whose operations were carried on in New York and Vermont, but whose executive offices were in Massachusetts. The Court there held that the principal place of business was Massachusetts.

A more recent case is Scott Typewriter Co. v. Underwood Corporation, D.C., 170 F.Supp. 862 (1959) and the Court held defendant's principal place of business was in New York where its executive offices were located rather than Connecticut, the situs of its largest plant as well as of research and operational activities.

The Court decided that the corporation was really directed and controlled from the New York office.

 We think it clear that the center of corporate activity and the corporate nerve center of the defendant was and is in the State of Illinois, and that Judge Campbell was correct in dismissing this suit for lack of jurisdiction because there was no diversity of citizenship between plaintiff and defendant.

We think the plaintiff had a fair hearing and that the Court was correct in quashing the subpoena served on Schroeder. The Court was also correct in denying the demand that the matter be submitted to a jury.

Judgment affirmed.