**Bernice BRIGGS, Plaintiff,**

v.

**AMERICAN FLYERS AIRLINE COR-PORATION, Defendant.**

**Civ. No. 6479.**

United States District Court
N. D. Oklahoma.

Dec. 30, 1966.

Greer & Greer, Tulsa, Okl., for plaintiff.

Shaw, Pittman, Potts, Trowbridge & Madden, Washington, D. C., Crowe, Boxley, Dunleuy, Thweatt, Swinford & Johnson, Oklahoma City, Okl., for defendant.

### ORDER

DAUGHERTY, District Judge.

This case was filed by the plaintiff in the District Court of Tulsa County, State

of Oklahoma. The plaintiff alleges that she is a citizen of Oklahoma, and the defendant is also a citizen of Oklahoma. The defendant has removed the case to this Court claiming a diversity of citizenship, refuting plaintiff's claim that the defendant is a citizen of Oklahoma and claiming that the defendant is a citizen of the State of Texas. The plaintiff has filed a Motion to Remand, asserting a lack of diversity on the basis that the plaintiff and defendant are both citizens of Oklahoma. Title 28 United States Code, Section 1332 is involved in the present motion before the Court and particularly the question thereunder as to whether the defendant has its principal place of business in Texas or Oklahoma, specifically Fort Worth, Texas, or Ardmore, Oklahoma. The defendant is incorporated under the laws of Texas, and is therefore a citizen of Texas for removal purposes, but it could also be a citizen of Oklahoma for removal purposes if its principal place of business is situated in Oklahoma. The material parts of Title 28 U.S.C.A., Section 1332, read as follows:

"Sec. 1332. *Diversity of citizenship; amount in controversy; Costs*

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

"(1) citizens of different States;

\* \* \* \* \* \*

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. \* \* \*."

The Court set the motion to remand for an evidentiary hearing and arguments of counsel. Briefs have been submitted by both sides. From the evidentiary hearing, interrogatories and depositions on file the Court finds the facts generally as follows in connection with the issue joined as to the location of the defendant's principal place of business:

The defendant carries on its business of Charter Air Service in all of the states of the union and overseas, maintains sales offices in ten cities in the United States, completed 3,461 charter flights in 1964 of which only 228 had Oklahoma connections and no one state is clearly the state in which its business is principally conducted.

With reference to Fort Worth, Texas, the Court finds that the defendant maintains there its finance department, its advertising department, its public relations department, its directors live there and meet there, all incoming revenue of the defendant is received at Fort Worth, its banking facilities are maintained at Fort Worth, its income taxes are paid out of Fort Worth, some of its personnel are hired at Fort Worth, its general counsel lives and offices in Fort Worth, all airplanes are purchased out of Fort Worth, the defendant's CPA offices and works in Fort Worth, all officers of the defendant live and work in Fort Worth, the Vice President of defendant for Sales lives and has an office at Fort Worth, 28 administrative officials of the defendant work in Fort Worth, some payrolls of the defendant are prepared in Fort Worth, a hot telephone line (private line) is maintained between Fort Worth and Ardmore, Oklahoma, many of the defendant's airplanes are ordinarily located at airports at San Antonio, Texas, and Fort Worth is listed as the defendant's principal place of business with the Civil Aeronautics Board. Further, the defendant maintains executive office space in a downtown office building in Fort Worth occupying two-thirds of one floor of said building.

With reference to Ardmore, Oklahoma, the defendant maintains there its operations department, its maintenance department, has more employees at Ardmore than at Fort Worth, Texas, its stewardess department is located there, Ardmore is the location of most of the property of defendant by value, Ardmore

departments are permitted to hire personnel for the same in Ardmore, some of the officers of the defendant who live and work in Fort Worth also have an office at Ardmore and spend some time there, defendant's planes are there on an average of five days per month for maintenance purposes, Ardmore has 30 administrative officials of defendant, some payrolls are prepared at Ardmore and the defendant leases hangar and office space at Ardmore, Oklahoma.

■ The location of a corporation's principal place of business is a factual question to be determined on a case-by-case basis through review of the corporation's total activity. Kelly v. United States Steel Corp., (3rd Cir.—1960) 284 F.2d 850; Scot Typewriter Co. v. Underwood Corp., (S.D.N.Y.—1959) 170 F. Supp. 862.

■ Our Circuit has recently treated with this question in United Nuclear Corporation v. Moki Oil and Rare Metals Company, (10th Cir.—1966) 364 F.2d 568, and therein announced and applied a test or rule which appeals to this Court as being most appropriate and in keeping with the intent of Congress in passing this legislation. In the opinion in this case written by Judge Phillips it is stated:

"Where a corporation carries on its business in a number of states, no one of which is clearly the state in which its business is principally conducted, the state where a substantial part of its business is transacted and from which centralized general supervision of *all* of its business is exercised, is the state in which is has its principal place of business." (Italics ours.)

■ In applying this test to the case at hand, it must first be observed that the defendant carries on its business in all of the states and overseas and in considering miles traveled and revenue earned and the other activities of the defendant it is also apparent and the Court finds that no one of the several states of the union is clearly the state in which its business is principally conducted. Thus, it becomes necessary under the facts of this case and the rule of our Circuit to determine between Oklahoma and Texas the state from which centralized general supervision of all of its business is exercised and where a substantial part of its business is transacted.

Under this test, the Court finds and concludes that the defendant's principal place of business is the State of Texas. There can be no doubt that the centralized general supervision of *all* of its business is exercised from Fort Worth, Texas, and also that a substantial part of its business is transacted in Texas. On the contrary, whereas a substantial part of its business is transacted in Ardmore, Oklahoma, there is not conducted from Ardmore, Oklahoma, a centralized general supervision of *all* of its business. To be sure, the operations and maintenance aspects of the defendant's business are important and conducted at Ardmore, but there is not centralized in Ardmore a general supervision of *all* of its business inasmuch as financing, advertising, public relations, banking, board meetings, payment of taxes, legal, auditing, purchasing and other most important features of the defendant's total activities are conducted solely at Fort Worth with no activity in Ardmore, and by means of the hot telephone line from Fort Worth, Texas, to Ardmore, Oklahoma, it is concluded that the defendant maintains a centralized general supervision of *all* of its business from Fort Worth, Texas.

The case of Egan v. American Airlines, Inc., (2nd Cir.—1963) 324 F.2d 565, would appear to support this conclusion. In that case the lower court found that American Airlines "general over-all management and business policy is prescribed in and directed from New York" where it also conducts a substantial operation. This test appears to be the same as the test in the *United Nuclear case,* supra, and the one adopted by the Court in this case. Also see Sabo v. Standard Oil Company of Indiana, (7th

Cir.—1961) 295 F.2d 893, and Danos v. Waterford Oil Company, (5th Cir.—1965) 351 F.2d 940.[1]

Plaintiff's Motion to Remand is denied.

---

1. The cases presented by the plaintiff are all District Court cases and preceded Egan and United Nuclear. Herschel v. Eastern Airlines, Inc., 216 F.Supp. 347 (S.D.N.Y.1963); Clothier v. United Air Lines, Inc., 196 F.Supp. 435 (E.D.N.Y. 1961); Wood v. United Air Lines, Inc., 216 F.Supp. 340 (E.D.N.Y.1963); and Inland Rubber Corporation v. Triple A Tire Service, Inc., 220 F.Supp. 490 (S.D. N.Y.1963).

Egan and United Nuclear appear to be the better reasoned authorities and are followed herein.