**Ricky Busso DE FORTUÑO and Alfredo Fortuño, Plaintiffs,**

v.

**PUEBLO INTERNATIONAL, INC., and Employers Commercial Union Insurance Company of America, Defendants.**
**Civ. No. 932–71.**

United States District Court,
D. Puerto Rico.

Feb. 11, 1972.

Nachman, Feldstein & Gelpí, San Juan, P. R., for plaintiffs.

Rieckehoff, Calderon, Vargas & Arroyo, San Juan, P. R., for defendants.

ORDER

TOLEDO, District Judge.

On December 3, 1971, plaintiffs filed a complaint against Pueblo International, Inc. and Employers Commercial Insurance Company of America, its insurer. The complaint basically alleges that in or about December 12, 1970, coplaintiff Ricky Busso de Fortuño was injured when she slipped on the contents of a broken bottle of oil inside the premises of the Caparra Pueblo Supermarket,

owned and operated by codefendant Pueblo International, Inc.

The jurisdiction of this Court was invoked pursuant to Section 1332 of Title 28, United States Code, because of diversity of citizenship and because the matter exceeds, exclusive of interests and costs, the sum of Ten Thousand Dollars ($10,000.00). As to the citizenship of codefendant Pueblo International, Inc., it was alleged that said corporation is a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business outside of the Commonwealth of Puerto Rico.

In relation to the last mentioned jurisdictional allegation, a motion to dismiss for lack of jurisdiction was filed by codefendant Pueblo International, Inc., on December 22, 1971. Said motion to dismiss alleges that Pueblo International, Inc., is a corporation with its principal place of business in the Commonwealth of Puerto Rico; thus depriving this Court of jurisdiction under Section 1332 of Title 28, United States Code. A sworn statement made by Mr. Manuel I. Vallecillo, in his capacity of Executive Vice President of Pueblo International, Inc., was annexed to the motion to dismiss. The sworn statement basically states that Pueblo International, Inc., "is a Delaware corporation authorized to do business in Puerto Rico and as such, has its principal place of business in the Commonwealth of Puerto Rico, where it operates in compliance with the applicable provisions of Section 931 of the Internal Revenue Code." It also states that "more than 90% of the gross income and net income of Pueblo International, Inc., as such corporate entity, in the past and at present, is derived from the business that said corporation conducts within the Commonwealth of Puerto Rico."

Plaintiffs have filed a motion in opposition to codefendant's motion to dismiss. In said motion it is asserted that the only way for plaintiffs to inquire into the veracity of the facts and circumstances alleged in Mr. Manuel I. Vallecillo's sworn statement, is by way of discovery, which will require them more time than that allowed by the Federal Rules of Civil Procedure and the Rules of this Court, to file any brief in support of their opposition to codefendant's motion to dismiss. This motion in opposition also informs that on the same day of its filing, plaintiffs have notified the taking of deposition of Mr. Manuel I. Vallecillo and will complete the necessary discovery within sixty (60) days. In this motion the plaintiffs request that in the interest of justice, the Court grant them sixty (60) days within which to take the deposition of Mr. Manuel I. Vallecillo and perform any other pertinent discovery and to file a proper opposition to codefendant's motion to dismiss.

Since a determination of whether the Commonwealth of Puerto Rico is the principal place of business of codefendant Pueblo International, Inc., it to be made as a matter of fact, and since this Court has no elements of judgment, other than the affidavit of Mr. Manuel I. Vallecillo, to entertain codefendant Pueblo International, Inc.'s motion to dismiss;

It is hereby ordered, that codefendant Pueblo International, Inc.'s motion to dismiss for lack of jurisdiction is held in abeyance; and

It is further ordered, that the plaintiffs as well as the defendants, are granted a term of sixty (60) days from the day of the docketing of this Order, to conduct all the necessary and proper discovery to clarify the facts related to the determination of Pueblo International, Inc.'s principal place of business, as required by Section 1332 of Title 28, United States Code. ARO Manufacturing Co. v. Automobile Body Research Corp. (1 Cir. 1965), 352 F.2d 400, cert. den., 383 U.S. 947, 86 S.Ct. 1199, 16 L. Ed.2d 210; Kelly v. United States Steel Corporation (3 Cir. 1960), 284 F.2d 850;

Clothier v. United Air Lines, Inc. (D.C. N.Y.1961), 196 F.Supp. 435; Gilardi v. Atchison, Topeka & Santa Fe Railway Co. (D.C.Ill.1960), 189 F.Supp. 82; Wear-Ever Aluminum, Inc. v. Sipos (D. C.N.Y.1960), 184 F.Supp. 364; Scot Typewriter Co. v. Underwood Corp. (D. C.N.Y.1959), 170 F.Supp. 862; 1 Moore's Federal Practice, Section 0.-77(3) pages 717.60 et seq., 1968 ed.; Wright & Miller, Federal Practice and Procedure, Vol. 4, Section 1066 and 1069, 1969 ed.; and

It is further ordered, that the parties are granted an additional term of thirty (30) days after they finish the pertinent discovery to further allege whatever they deem proper, in the light of the findings of their discovery. The Court will then proceed to adjudicate this matter.

It is so ordered.