MILLER PRODUCTION CO., a corporation, Plaintiff,

v.

CHAMPLIN PETROLEUM COMPANY, a corporation, Defendant.

No. CIV–80–597–D.

United States District Court, W. D. Oklahoma.

Nov. 19, 1980.

John G. Maddox, Ponca City, Okl., for plaintiff.

Val R. Miller, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action for losses sustained by Plaintiff as a result of Defendant's breach of a service station lease. Said action was originally filed in the District Court of Kay County, Oklahoma, and later removed to this Court by Defendant pursuant to 28 U.S.C. § 1441. Defendant asserts that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy under 28 U.S.C. § 1332. In this regard, Defendant alleged in its removal of this case to this Court that Plaintiff is an Oklahoma corporation with its principal place of business in Oklahoma and that Defendant is a Delaware corporation with its principal place of business in Texas; that diversity of citizenship exists between the parties and the requisite jurisdictional amount is present. Plaintiff has filed herein a Motion to Remand supported by a Brief and Defendant has filed a Brief in response thereto.

In support of its Motion, Plaintiff contends that Defendant's principal place of business is in Oklahoma as Defendant does substantial business in Oklahoma, operates a refinery in Enid, Oklahoma, and maintains corporate offices in Tulsa, Oklahoma. Therefore, Plaintiff asserts there is no diversity of citizenship between the parties as Plaintiff is an Oklahoma corporation, and the instant case should be remanded.

Defendant responds that it does business in several states, one of which is Oklahoma; that it is incorporated under the laws of Delaware; that its home office and principal place of business is in Fort Worth, Texas; and that it does substantial business in the State of Texas.

 A corporation has dual citizenship for diversity jurisdiction purposes. One is the state of incorporation and the other is that state where its principal place of business is located. The location of a corporation's principal place of business for purposes of diversity of citizenship is a question of fact to be determined on a case by case basis by a review of the corporation's total activity. *United Nuclear Corp. v. Moki Oil and Rare Metals Co.*, 364 F.2d 568 (10 Cir. 1966); *Briggs v. American Flyers Airline Corp.*, 262 F.Supp. 16 (N.D.Okl.1966). The burden of proving a corporation's principal place of business is on the removing party. *Jerro v. Home Lines, Inc.*, 377 F.Supp. 670 (S.D.N.Y.1974). Where a corporation such as Defendant in this case carries on its business in several different states, its principal place of business is "where a substantial part of its business is transacted and from which centralized general supervision of all of its business is exercised . . . ." *United Nuclear Corp. v. Moki Oil and Rare Metals Co.*, *supra*, at 570.

With reference to Plaintiff's Motion to Remand, the Court held an evidentiary hearing on November 5, 1980 to determine the principal place of business of Defendant Champlin Petroleum Company.

At said evidentiary hearing Defendant presented the testimony of Billy M. Lampkin (Lampkin), Treasurer for Champlin Petroleum Company. Lampkin testified that Defendant was a wholly owned subsidiary of Union Pacific Corp. Lampkin further testified that the general offices for Defendant were located at 5301 Camp Bowie

Boulevard, Fort Worth, Texas, and that twelve of Defendant's officers and directors are located in Fort Worth, Texas, two in Houston, Texas, two in Denver, Colorado, one in Tulsa, Oklahoma, one in Wilmington, California, and five in New York, New York. The Board of Directors' meetings of Defendant are held in Fort Worth, Texas, or New York, New York. There are two standing committees of said Board, the executive committee which is based in Fort Worth, Texas, and New York, New York, and the management committee which is based in Fort Worth, Texas. All management decisions for Defendant are made in Fort Worth, Texas.

Lampkin further testified that Defendant is a fully integrated oil company which does business in thirty-eight states. Defendant issues credit cards to its customers for the purchase of gasoline. All payments of said credit cards are mailed to Dallas, Texas. Defendant maintains three refineries: one in Corpus Christi, Texas, which accounts for 57% of Defendant's total refined products; one in Enid, Oklahoma, which accounts for 25.3% of Defendant's total refined products; and one in Wilmington, California, which accounts for 17.5% of Defendant's total refined products. Of Defendant's employees, 51% are based in Texas, while only 25% are based in Oklahoma. Defendant derives 48.5% of its total revenue from Texas while only 13.9% of its total revenue comes from Oklahoma.

Plaintiff presented no witnesses in support of its position that Defendant's principal place of business is Oklahoma and not in Texas.

■ In view of the foregoing testimony and in view of the test set out in *United Nuclear Corp. v. Moki Oil and Rare Metals Co., supra,* the Court finds and concludes that Defendant's principal place of business is in the State of Texas. Therefore, there is complete diversity between the parties, as Plaintiff is an Oklahoma corporation with its principal place of business in Oklahoma, and Defendant is a Delaware corporation with its principal place of business in Texas.

Accordingly, Plaintiff's Motion to Remand should be denied.

IT IS SO ORDERED.