**ZIMMERMAN METALS, INC., a Colorado corporation, Plaintiff,**

v.

**UNITED ENGINEERS & CONSTRUCTORS, INC., STEARNS–ROGER DIVISION, a/k/a United Engineers & Constructors, Inc., a Delaware corporation, a/k/a UE & C–Catalytic, Inc., a Delaware corporation; National Fire Insurance Company of Hartford, a Connecticut corporation; and Continental Casualty Company, an Illinois corporation, Defendants.**

Civ. A. No. 89–B–1002.

United States District Court, D. Colorado.

Sept. 28, 1989.

**860**

Philip E. Riedesel and Bruce D. Hausknecht, Gorsuch, Kirgis, Campbell, Walker and Grover, Denver, Colo., for plaintiff.

Jack M. Englert, Jr., Robert E. Benson and Michael J. Kennedy, Holland & Hart, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before me on plaintiff Zimmerman Metals, Inc.'s (ZMI) motion to remand this case to the Adams County District Court pursuant to 28 U.S.C. § 1447(c). ZMI filed its complaint in Adams County District Court on May 8, 1989. After ZMI served defendants with process, defendants removed the case to this court pursuant to 28 U.S.C. § 1441(a), contending that diversity jurisdiction exists under 28 U.S.C. § 1332. ZMI argues that the agreement between ZMI and defendant United Engineers Constructors, Inc. (United Engineers) contains an enforceable forum selection clause in which United Engineers consented to the jurisdiction of the Colorado state court. ZMI also contends that there is no diversity of citizenship between ZMI and United Engineers. I deny ZMI's motion.

A contractual forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). Here, ZMI makes no allegations of fraud or undue influence underlying the forum selection clause that would render its enforcement unreasonable. *See Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir.1984).

ZMI asserts, however, that the forum selection clause is ambiguous. It contends that the phrase "courts of Colorado" can be interpreted to mean the Colorado state court system, but not the United States District Court for the District of Colorado. I disagree.

Whether the terms of a contract are ambiguous is a matter of law for the court to decide. *Pepcol Mfg. Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo.1984), *Buckley Bros. Motors v. Grand Prix Imports, Inc.*, 633 P.2d 1081 (Colo.1981). To ascertain whether contract provisions are ambiguous, language must be construed according to the plain and generally accepted meaning of the words used, and reference must be made to all provisions of the agreement. *Radiology Professional Corp. v. Trinidad Area Health Ass'n., Inc.*, 195 Colo. 253, 577 P.2d 748 (1978). A difference of opinion regarding the interpretation of an instrument does not, by itself, create an ambiguity. *Radiology Professional Corp., supra.*

The forum selection clause here states:

18. APPLICABLE LAWS.

The contract shall be governed by, subject to, and construed according to the laws of the State of Colorado, except that when Federal common law of government contracts exists on substantive matters requiring construction under this Contract, such federal common law shall apply in lieu of state law. The Contractor shall comply with all applicable federal, state and local laws. The Contractor consents to the jurisdiction of the *courts of Colorado* with respect to any legal action commenced therein. (Emphasis added).

Another clause in the contract concerning forum selection states:

40. DISPUTES.

In the event that any dispute arising under or relating to this contract cannot be resolved by settlement between the parties, either party *may* litigate any such dispute *in any court of competent jurisdiction.* (Emphasis added).

■ The prevailing rule is that where venue is specified with mandatory language the clause will be enforced. *See Sterling Forest Associates v. Barnett-Range Corp.*, 840 F.2d 249, 251–252 (4th Cir.1988). When only jurisdiction is specified, the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive. *See e.g., Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956 (5th Cir. 1974); *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir.1989).

■ Read together, the two clauses are consistent and unambiguous. The plain meaning of the last sentence of paragraph 18 is that ZMI and United Engineers agree not to contest that the "courts of Colorado" have personal jurisdiction over them concerning actions commenced in this state. Paragraph 40 is the forum selection clause. It selects all courts that have jurisdiction as appropriate forums. However, the forum selection clause is permissive. It is not mandatory or exclusive. Therefore, this action can be maintained in the United States District Court for the District of Colorado if this court is a court of "competent jurisdiction."

ZMI argues that this court is not one of "competent jurisdiction" because United Engineers' principal place of business is in Colorado, and thus, complete diversity of citizenship between the parties does not exist. I disagree.

For purposes of diversity, a corporation has dual citizenship in both the state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c). In paragraph 2 of its complaint, ZMI asserts that United Engineers is a Delaware corporation with its principal place of business located at 700 South Ash in Glendale, Colorado. United Engineers, both in its notice of removal and answer and counterclaim, admits that it is a Delaware corporation, but asserts that its principal place of business is located in Philadelphia, Pennsylvania.

■ The location of a corporation's principal place of business for purposes of diversity jurisdiction is a question of fact to be determined by review of the corporation's total activity. *United Nuclear Corp. v. Moki Oil and and Rare Metals Co.*, 364 F.2d 568, 569 (10th Cir.), *cert. denied*, 385 U.S. 960, 87 S.Ct. 393, 17 L.Ed.2d 306 (1966). Where, as here, a corporation carries on its business in a number of states and no one state is clearly the state in which its business is principally conducted, its principal place of business is the state where a substantial part of its business is transacted and from which centralized general supervision of its business is exercised. *Id.* at 570. The burden of proving a corporation's principal place of business for purposes of diversity of citizenship is on the removing party. *Miller Production Co. v. Champlin Petroleum Co.*, 505 F.Supp. 46, 47 (W.D.Okl.1980).

■ ZMI contends that the following facts indicate United Engineers' Colorado citizenship: 1) United Engineers' offices are located in Glendale, Colorado; 2) all contacts between ZMI and United Engineers occurred in Glendale; 3) the contract at issue lists the Glendale address for all communications and drawing submittals; 4) the Glendale address is listed on all correspondence from United Engineers; 5) the Glendale address is on all motions and pleadings filed by United Engineers in the state court case; and 6) United Engineers' annual report filed with the Colorado Secretary of State lists the Glendale address as its principal place of business in Colorado.

In opposition to ZMI's motion for remand, United Engineers presents the affidavit of Gunnar E. Sarsten (Sarsten), its director, board chairman, president and chief executive officer. In his affidavit, Sarsten persuasively explains United Engi-

neers' corporate structure and overall operating procedures.

United Engineers has five operating divisions. Three are in Philadelphia, one is in Boston, and one is in Glendale. The annual Colorado corporate report filed with the Secretary of State shows that United Engineers has three directors, all of whom are in Philadelphia. United Engineers has twenty-three corporate officers. Sixteen work in Pennsylvania, and only five work in Colorado. Furthermore, United Engineers establishes and announces its corporate policies at its Philadelphia headquarters. That is also where it maintains its central accounting and treasury operations, and its communications network. Its personnel are managed there. Thus, Philadelphia is the hub of United Engineers' administrative activity.

ZMI, however, argues that Stearns–Roger is the same company as United Engineers and has changed its name to United Engineers. Sarsten's affidavit shows this information to be incorrect. Although located in Glendale, Colorado, Stearns–Roger is merely a support division of United Engineers.

I conclude, based on the evidence of United Engineers' total activity, that Colorado is not the state of its principal place of business. Consequently, diversity jurisdiction exists and the United States District Court for the District of Colorado is a court of "competent jurisdiction."

ZMI argues, however, that even if the forum selection clause is construed to be permissive, the "consent to jurisdiction" language binds defendants to ZMI's selection of the state forum. Again, I disagree.

The consent to jurisdiction clause merely means that the parties agree not to object to the Colorado courts' exercise of personal jurisdiction over them. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75 (9th Cir.1987). It does not operate as a waiver of defendants' right to remove the action from state to federal court within Colorado. Defendants do not contest that Adams County District Court has personal jurisdiction over them in this action. Rath-

er, pursuant to paragraph 40, defendants properly removed this action to the United States District Court for the District of Colorado, a court of competent jurisdiction.

Accordingly, it is ORDERED that ZMI's motion to remand is DENIED.